UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PATRICK DIAL, | ) | CASE NO. 1:08 CV 1592 |
| Petitioner, | ) ) | JUDGE DAVID A. KATZ |
| v. | ) ) | OPINION AND ORDER |
| MAGGIE BEIGHTLER, | ) ) | |
| Respondent. | ) | |

On July 2, 2008, petitioner pro se Patrick Dial filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Dial is incarcerated in an Ohio penal institution, having been convicted in 2003 of endangering children (3 counts), kidnapping (8 counts), rape (3 counts), and felonious assault (2 counts)

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he

exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

In 2007, the Ohio Court of Appeals denied Dial's Application to Reopen his appeal as untimely. See, State v. Dial, No. 83847, 2007 WL 1641757 (Cuy. Cty. App. June 1, 2007).[1] As a result of petitioner's state court procedural default, federal habeas review on the issues he seeks to raise is unavailable absent a showing of cause for the default and actual prejudice to his case. Wainwright v. Sykes, 433 U.S. 72 (1977); Davis v. United States, 411 U.S. 233 (1973). No such showing is reasonably suggested by the petition.

Further, even absent Dial's procedural default, his petition is patently untimely under 28 U.S.C. § 2244(d)(1), which places a one year limit to file a habeas action after a conviction becomes final. His 2007 application to reopen his appeal - unavailing because of its gross untimeliness - cannot "retrigger" the statute of limitations for bringing a federal habeas action. Robinson v. Moore, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. Sept. 19, 2001, Cf. Searcy v. Carter, 246 F.3d 515 (2001)(filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew).

---

[1] In that case, the Ohio Court of Appeals noted that Dial did not appeal its 2004 affirmance of his conviction.

Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition must be dismissed as time-barred in any event.

Accordingly, the request to proceed in forma pauperis is granted, the petition is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ David A. Katz
_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE