IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK DIAL,

                Plaintiff,                Case No. 3:08 CV 1592

    -vs-

                                         MEMORANDUM OPINION

MAGGIE BEIGHTLER, Warden,

                Defendant.

KATZ, J.

      This matter is before the Court on the Objection (Doc. 29) of Petitioner Patrick Dial to the Report and Recommendation (R&R) of the Magistrate Judge (Doc. 28). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir.1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has undertaken a *de novo* review of the Magistrate Judge's findings to which Petitioner objects. For the reasons set forth below, this Court finds Petitioner's Objection well-taken and the same is sustained.

      Petitioner, a prisoner in state custody at the Marion Correctional Institute in Marion, Ohio, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He alleges that several constitutional errors, including ineffective assistance of counsel, tainted the outcome of his trial.

      In her R&R, the Magistrate Judge recommended dismissing the petition as time-barred. In his Objection, Petitioner claims that he is entitled to equitable tolling of the statute of limitations because of the egregious misconduct of the attorney he retained to pursue post-conviction remedies.

      The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a state prisoner to seek federal habeas corpus relief within one year after the state conviction becomes final. 28 U.S.C. §2244(d)(1)(A). As the Magistrate Judge correctly found, the period of "direct review"

after which Petitioner's conviction became final under 28 U.S.C.A. § 2244 (d)(1) (A) ended on December 31, 2004. On that date, the forty-five day period for Petitioner to obtain review in the Ohio Supreme Court of the state appellate court decision upholding his conviction expired. See Ohio Supreme Court Rule of Practice II, Section 2(A)(1).

AEDPA's one-year limitations period may, however, be tolled due to "compelling equitable considerations." See *Dunlap v. United States*, 250 F.3d 1001, 1004-1007 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). It is the petitioner who bears the burden of demonstrating his entitlement to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). In making such a showing, the petitioner bears the burden of proving that he exercised due diligence in pursuing his claims. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).

One such "compelling equitable consideration" recognized by habeas courts is "gross attorney malfeasance". *Smith v. United States*, 2006 WL 3324859 (S.D. Ohio Nov. 14, 2006). Although "ordinary attorney negligence will not justify equitable tolling", several courts have recognized that "where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003); see also *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002) (holding that petitioner's "allegation that he was deceived by his attorney into believing that a timely §

2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations" if petitioner reasonably relied on the attorney's misrepresentations); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir.2001) (noting that claims of attorney misconduct may provide a basis for equitable tolling), overruled in part on other grounds by *Carey v. Saffold*, 536 U.S. 214 (2002).

The ordinary presumption that attorney negligence is not a ground for equitable tolling is reflective of the general rule that "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (internal quotation marks omitted); see also *Vermont v. Brillon*, 129 S.Ct. 1283, 1290-1291 (2009). This general rule is based on "well-settled principles of agency law." *Id.* at 754 (citing Restatement (Second) of Agency § 242 (1958) (master is subject to liability for harm caused by negligent conduct of servant within the scope of employment)).

So too, the cases mentioned above as recognizing an exception to this principle also may be explained by reference to well-settled principles of agency law. That is because a principal is not typically bound by the acts of an agent where "the agent secretly is acting adversely to the principal and entirely for his own or another's purposes". Restatement (Second) of Agency § 282 (1958); see also *Baldayaque v. United States*, 338 F.3d 145, 154 (2d Cir. 2003) (Jacobs, J., concurring) (finding "an evidentiary basis for concluding that the petitioner's lawyer was not acting as agent" where the lawyer "took a $5,000 retainer without undertaking the requested service; set aside his client's interests in favor of his own; and undertook a futile, unresearched, and frivolous initiative for the sole purpose of keeping the fee."). Where the attorney's

3

representation of a client amounts to little more than a fraudulent scheme to obtain fees, habeas courts have found, consistent with ordinary agency principles, that the client should not be bound by the misdeeds of the wrongdoer.

In this case, Petitioner directs this Court's attention to the Ohio Supreme Court's decision permanently disbarring his former attorney, John Lord. See *Disciplinary Counsel v. Lord*, 114 Ohio St.3d 466 (2007) (per curiam). That decision noted Lord's misconduct in Dial's case as one of several grounds for his disbarment. It set forth the circumstances of Lord's representation of Dial as follows:

> Patrick Dial hired respondent in February 2005 to assist him in challenging his conviction through a motion for reconsideration in the court of appeals, an appeal to this court, and a petition for federal habeas corpus. Dial paid respondent $60 to obtain a copy of the trial transcript.
>
> Respondent first told Dial in January 2006 that he had filed an amended motion for a new trial in his case. Then, in March 2006, he told Dial that he had filed a "whole new motion for a new trial" because he believed that the one filed by Dial's prior counsel was "crap." Dial, however, had by that time obtained a copy of the docket in his case and knew that respondent had not filed anything in court for him. Dial discharged respondent later that March and asked for a return of his case file. Respondent did not reply.

*Id*., 114 Ohio St.3d at 470. The Ohio Supreme Court thus found that Lord "abandoned Dial's case, lied about having completed legal work, and did not return Dial's file." *Id*. It is noteworthy that Petitioner hired Lord to file his federal habeas corpus petition in February 2005, which would have allowed counsel over ten months to file a timely petition. Indeed, it was only through his own efforts that Petitioner discovered Lord's claims as to the work he was doing on Petitioner's case to be false.

Petitioner asserts that Lord still has yet to return his case file. (Doc. 1 at 15). Because of Lord's failure to return important documents and take any action of his behalf, Petitioner claims

4

that he was forced to expend great time and effort in attempting to locate and borrow or purchase important documents, including the transcript of his trial, on his own. *Id*. Despite repeated efforts, Petitioner claims that he was unable to obtain a new attorney to assist him. *Id*. Respondent does not dispute any of these allegations.

On the basis of this evidence, the Court finds that Petitioner has met his burden of demonstrating his entitlement to equitable tolling. Indeed, Lord's misconduct in this case meets or exceeds in egregiousness the attorney misconduct found to satisfy the requirements for equitable tolling in *Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003) and *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003). Lord took money from his client and then did not undertake any of the work he promised to do, blatantly lied in order to deceive his incarcerated client as to this fact, and refused, even after he was fired, to return documents that belonged to his client, thus affirmatively frustrating Petitioner's efforts to obtain relief. In short, there is ample ground for finding that Lord was acting completely on behalf of his own interests during his representation of Petitioner.

*Spitsyn*, in particular, is factually similar to the case at bar. In that case, the *pro se* habeas petitioner hired an attorney to prepare his petition. But the attorney "completely failed to prepare and file a petition", even though he was hired "nearly a full year in advance of the deadline". 345 F.3d 796, 801. Repeated attempts by the petitioner and his mother to contact the attorney proved fruitless. Moreover, despite a request from the petitioner that the attorney return his file, the attorney "retained it for the duration of the limitations period and more than two months beyond." *Id*.

In these circumstances, the Ninth Circuit found that the attorney's conduct was "so deficient as to distinguish it" from ordinary attorney negligence, and thus "sufficiently egregious

5

as to justify equitable tolling of the one-year limitations period under AEDPA." *Id*. Furthermore, the court rejected the argument that the petitioner could still have satisfied the deadline despite his attorney's misconduct, by filing his petition *pro se*. The court found that "without the file, which [the attorney] still possessed, it seems unrealistic to expect [the petitioner] to prepare and file a meaningful petition on his own within the limitations period." *Id*. The court remanded for further fact-finding as to the petitioner's diligence in pursuing the matter "in particular" because "the record does not indicate why [the petitioner] did not file his petition until September, when [the attorney] returned his files in April." *Id*. at 802.

Where the attorney in *Spitsyn* eventually returned his client's file, in this case it appears that Lord never returned Petitioner's file, or at least had not returned the file at the time the petition in this matter was filed. Like the *Spitsyn* Court, this Court agrees that it appears unrealistic to expect a habeas petitioner to prepare and file a meaningful petition without access to his file. Because it appears that Lord had not returned the file at the time Petitioner commenced this § 2254 action, there is no need for further factfinding as to Petitioner's diligence. That is because in this case, there is no gap of time where Petitioner had access to his file and might have prepared a meaningful *pro se* petition.

The Court therefore finds that Petitioner acted with reasonable diligence in filing this action within a year of the Ohio Supreme Court's decision on August 29, 2007, in *Disciplinary Counsel v. Lord*, 114 Ohio St. 466 (2007). Prior to Lord's permanent disbarment, Petitioner might have hoped that pressure from the Disciplinary Counsel's investigation would have prompted Lord to turn over his file. Furthermore, Petitioner asserts that he acted with due diligence in attempting to track down important documents and seeking assistance in filing his petition. The

Court thus finds that Petitioner has met his burden of showing his entitlement to equitable tolling, and his objection is sustained.

In her Return of the Writ, Respondent says that she "will pursue, and hereby reserves the right to argue, that the Petitioner's claims are also procedurally defaulted and otherwise lacking in merit only if this court determines that Dial's petition is not time barred." (Doc. 25 at 17). The Court has found the petition to not be time-barred, and therefore Respondent will be permitted to raise other grounds for rejecting the petition.

For the foregoing reasons, this Court finds Petitioner's Objection well-taken, and the R&R is not adopted. This case is returned to the Magistrate Judge, and Respondent is directed to answer the petition within thirty (30) days of this order.

IT IS SO ORDERED

                                                s/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE