IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK DIAL,

                Plaintiff,                Case No. 3:08 CV 1592

-vs-

                                                   <u>MEMORANDUM   OPINION</u>

MAGGIE BEIGHTLER, Warden,

                Defendant.

KATZ, J.

This action is before the Court on Petitioner's objections to the January 31, 2011, Report and Recommendation ("R&R") of United States Magistrate Judge Vernelis K. Armstrong.  In accordance with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which Petitioner objects.  For the following reasons, the Court overrules Petitioner's objections and the same are denied.

**I. Background**

*A. Factual Background*

Petitioner Patrick Dial ("Petitioner") was convicted on October 10, 2003 of three counts of endangering children, eight counts of kidnaping, three counts of rape and two counts of felonious assault.  (Doc. 26-1 at 5-17).  As a result of those convictions, he was sentenced to a term of ten years to life.  *Id*. at 73.  "On habeas review, the state court of appeals's findings of fact must be presumed correct, and can only be discredited if the petitioner can show, by clear and convincing evidence, that the state court's findings were erroneous." *Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001) (citing 28 U.S.C. § 2254(e)(1)).  The state appellate court summarized the facts as follow:

Defendant and the victim's mother were married and had three of their own children. Also living with the family was the mother's son by a previous relationship. The parents' marriage was rocky, and they moved frequently. At one point, defendant began to drink and to abuse the children physically. When the victim was in the third grade, defendant began watching her shower while he masturbated. The victim did not tell anyone about his behavior. Defendant then began touching the victim inappropriately below the waist, including in her private area. Finally, when she was about ten, he actually penetrated her with his penis. Again, she did not tell anyone about his actions.

After the family had moved to Las Vegas, mother abandoned the family and left all the children with defendant except her son from the prior relationship. The defendant and three remaining children stayed in Las Vegas for a very short period of time after the mother left. While they were still there, defendant raped the victim again. At this time, he threatened to kill her if she told anyone what had happened.

Defendant then moved the family back to the Cleveland, Ohio area, where they lived with alternately his mother or his girlfriend. Defendant again raped the victim while they were staying at his mother's house.

Defendant then became involved with another woman, whom he finally married, and he moved his family in with her. When no one else was at home, defendant again raped the victim. He forced her to strip naked at knife-point and left the knife within his reach while he raped her. He then forced her to shower while he watched. The next time he raped her he tied her to the bedpost with plastic ties. Again, he used a knife and he threatened to kill her if she told anyone what was happening. Similar incidents continued. Additionally, defendant forced the victim to watch as he had sex with another woman. At the time he had sex with this other in front of the victim, he was still living with, and in fact would five days later marry, a woman he and his children had been living with for some time.

At no point during this time did the victim tell anyone what was going on. She testified that she was afraid to tell her sister for fear her sister would repeat it and then defendant would kill her. She did not tell the woman they were living with, who became her stepmother, because that woman never defended herself against defendant's physical abuse, so the victim doubted she would defend another person. She also did not tell a family friend because she was afraid the friend would repeat it to defendant, who would then kill her, as he had threatened to do. She did not tell social workers who visited the home for other complaints because after the social workers had observed her in the home. She feared that they might leave her in the home after she disclosed the sexual abuse and defendant would then kill her.

Finally, the victim left home when she was thirteen. At first, she went to stay with a family friend, then with an aunt, and then with another relative.

2

> Two years later, the victim moved to California and was reunited with her mother. The victim got a boyfriend and, as she began to trust the boyfriend, eventually revealed to him what her father had done to her. Although she also told her mother about it several times, her mother did not believe her because the victim only brought it up when she and her mother were arguing. After the mother had been contacted by the children's services agency in the county where the children were living because they were being removed from the father's home, however, the mother asked the victim whether the children were safe at the father's home. The victim again told the mother about the sexual abuse, and the mother finally realized that the victim was telling the truth. At this time, the mother took the victim back to Ohio to report the rapes to the police in the cities in which they had occurred. Mother also petitioned to obtain custody of the other two children at this time.

*State v. Dial*, 2004 Ohio App. LEXIS 5307, at \*\*1-5 (Nov. 4, 2004).  The appellate court went on to affirm Petitioner's conviction.

### B. *Appellate and Post-Conviction Relief Background*

On October 23, 2003, Petitioner, through counsel, filed a motion for a new trial claiming ineffective assistance of trial counsel, juror misconduct, and the compromising of a potential witness.  (Doc. 26 at 76-77).  Petitioner's motion was denied.  *Id.*

Shortly thereafter and through counsel, Petitioner filed a direct appeal in the Court of Appeals for the Eighth Appellate District on November 26, 2003, alleging ineffective assistance of defense counsel and improper admission of the expert testimony of Cynthia King.  (Doc. 36-1 at 119).  That court affirmed the trial court's judgment, noting Petitioner's counsel had done a "remarkable job of defending his client" in a difficult case.  *State v. Dial*, 2004 Ohio App. LEXIS 5307, at \*\*16 (Nov. 4, 2004).  The court also commented on Petitioner's second assignment of error, stating that the state's "expert witness was substantially qualified to testify concerning the behavior of victims of child sexual abuse."  *Id.*  There is no evidence Petitioner appealed to the Ohio Supreme Court.

Nearly three years after direct appeal judgment was entered, Petitioner filed *pro se* an application for reopening pursuant to Ohio App.R. 26(B)(2)(b), claiming ineffective assistance of appellate counsel.  Specifically, Petitioner alleged counsel "had failed to assign as error: the ineffective assistance of trial counsel; prosecutorial misconduct; [and] the admission of 'hearsay testimony' of Steven Smith and Jill Willoughby." *State v. Dial*, 2007 Ohio App. LEXIS 2567 (June 1, 2007).  However, that application was denied as untimely.  *Id*.  Moreover, the court explained in dicta that the absence of a sworn statement pertaining to appellate counsel's purported deficiency would have also resulted in the denial of his application.  The Court added that the issue of ineffective trial counsel was barred by *res judicata*, both because the issue had already been heard on direct appeal and because the issue had not been appealed to the Supreme Court.  Also in dicta, the court noted that Petitioner's listing of four assignments of error was not enough to show deficiency of counsel.  *Id*.

Petitioner filed *pro se* a timely request for appeal of his application for reopening to the Ohio Supreme Court.  (Doc. 26-1 at 274-89).  In that request, Petitioner alleged he had been denied effective counsel and a fair and impartial trial.  (Doc. 26-1 at 280).  However, Petitioner did not provide a statement of the case, nor did he provide any arguments in support of proposition of law.  *Id*. at 282-83.  That appeal was denied for failure to raise a substantial constitutional question on September 26, 2007.  *Id.* at 287.

## *C. Procedural Background*

Nearly a year later, this Court dismissed Petitioner's *pro se* petition for a writ of habeas corpus because the petition was both untimely and procedurally defaulted.  (Doc. 10 at 2).  Then, on August 29, 2008, Petitioner filed a Motion for Reconsideration, which this Court granted.  In

her first R&R, the Magistrate Judge recommended the petition be dismissed as time barred. But on February 22, 2010, this Court held that Petitioner's habeas petition was not time-barred and granted equitable tolling of the statute of limitations, citing the egregious misconduct of Petitioner's counsel. (Doc. 30).

On September 8, 2010, Petitioner filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming to have been held in violation of the Constitution, laws or treaties of the United States on six separate grounds. (Doc. 1 at 6). Petitioner alleged: 1) ineffective assistance of trial counsel; 2) ineffective assistance of appellate counsel; 3) prosecutorial misconduct; 4) that the trial court erred by admitting hearsay testimony of Steven Smith; 5) that the trial court erred by admitting hearsay testimony of Jill Willoughby; and 6) juror misconduct. *Id.* On January 31, 2011, pursuant to Local Rule 72.2(b)(2), the Magistrate Judge issued her second R&R, wherein she recommended the petition be denied, as the claims were both unexhausted and procedurally defaulted. (R&R). Petitioner filed his objections shortly thereafter. (Doc. 46).

**II. Jurisdiction**

A court must have proper jurisdiction to consider a petition for a writ of habeas corpus. A federal court has proper jurisdiction when a person is in custody pursuant to the judgment of a state court and he or she is in custody in violation of the Constitution, laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (citing 28 U.S.C. § 2254).

Petitioner satisfies the requirements for habeas jurisdiction. He was convicted in the Cuyahoga County, Ohio Court of Common Pleas and is currently a prisoner in state custody. Petitioner's claim alleges violation of a constitutional right to the extent that he claims to have

been deprived of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 2254 over Petitioner's petition for a writ of habeas corpus.

**III. Standard of Review**

The standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254(d), govern a federal district court's review of a state court decision on a writ of habeas corpus. *French v. Jones*, 332 F.3d 430, 435-436 (6th Cir. 2003). The statute establishes two circumstances in which a federal court may issue a writ. First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Second, a federal court may issue a writ if the state court's decision was based on an unreasonable determination of the facts in light of the evidence. § 2254(d)(2).

A state court's decision is "contrary to" the clearly established federal law when either the decision contradicts the Supreme Court's holdings or it "'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent.'" *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)). A state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts of petitioner's case." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (internal quotation marks omitted)). "[A] determination of a factual issue made by a State court shall be presumed to

6

be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id*.

**IV. Discussion**

In order to have his or her claims reviewed in federal court, a habeas petitioner must satisfy certain procedural requirements. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. Ohio 2006). Because procedural questions are raised by Respondent, the Court must first consider whether Petitioner's claims are subject to procedural default. (Doc. 44). The Court must determine both whether Petitioner fully exhausted all of his claims in state court and whether Petitioner's claims are procedurally defaulted.

A petitioner must first exhaust all available state court remedies before presenting his or her habeas petition in federal court. 28 U.S.C. § 2254(b) & (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. Ohio 2001) *cert. denied sub nom Lott v. Bagley*, 122 S. Ct. 1106 (2002). Moreover, to be exhausted, a petitioner must "fully and fairly" present his or her claim to the highest state court. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. Ohio 1990); *see also Lott*, 261 F.3d at 601. This requires the petitioner to do more than simply presenting or giving notice of the claim. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The petitioner must cite to a provision of the Constitution, a federal decision using constitutional analysis, or a state decision employing constitutional analysis in similar fact patterns. *Id.*; *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *see also Picard v. Connor*, 404 U.S. 270, 275-76 (1971) ("the substance of a federal habeas corpus claim must first be presented to the state courts."). The United States Supreme Court, in noting the importance of the exhaustion doctrine, has explained that "it would be unseemly in our dual system of government for a federal district

7

court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (". . . Congress surely meant that exhaustion be serious and meaningful.").

Similarly, when a federal claim is procedurally defaulted in state court, the state court has been denied opportunity to consider the claim. *Coleman v. Thompson*, 501 U.S. 722, 732 (U.S. 1991). Under the "independent and adequate state ground" doctrine, this Court is barred from considering a federal question if the state court's ruling on that question was made pursuant to an independent state ground which is "adequate to support the judgment." *Id.* at 729. To determine whether a state procedural ground is adequate, the Sixth Circuit considers four factors described in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. Ky. 1986):

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . .
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims.

*Id. See Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431 (6th Cir. Ohio 2006); *Fautenberry v. Mitchell*, 515 F.3d 614, 632 (6th Cir. Ohio 2008). The fourth *Maupin* factor holds that if a prisoner can show: 1) cause for his or her state court default and prejudice therefrom; 2) "that failure to consider the claims will result in a fundamental miscarriage of justice[;]" or 3) that he or she is actually innocent, then a federal court is not barred from hearing an otherwise

8

procedurally-defaulted claim. *Id.*; *Coleman*, 501 U.S. at 750 (U.S. 1991); *Murray v. Carrier,* 477 U.S. 478, 496 (1986); *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2001).

A petitioner must show both cause and prejudice in order to justify a procedural default. *Id.* at 496. Principles of comity demand that federal courts require exhaustion of an ineffective assistance claim before deciding whether ineffective assistance is sufficient "cause." *Carrier*, 477 U.S. at 488. Moreover, a petitioner must "demonstrate prejudice based on his constitutional claim, irrespective of his procedural fault," and also that the errors at trial "worked to [his] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Maupin*, 785 F.2d at 139; *United States v. Frady*, 456 U.S. 152,(1982); *see also Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (To show prejudice, a petitioner must show the outcome of the trial would have been different) (citing *Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

To satisfy the "miscarriage of justice" exception, the petitioner must show that the "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Carrier*, 477 U.S. at 496); *Jells v. Mitchell*, 538 F.3d 478, 488-489 (6th Cir. Ohio 2008). Establishing "actual innocence" requires a petitioner to show, in light of all the evidence, that "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt.'" *Schlup*, 513 U.S. at 328.

Here, Petitioner has raised three primary objections to the Magistrate's R&R. First, he alleges that the Ohio Supreme Court was given a "full and fair opportunity" to address his second claim of ineffective assistance of appellate counsel, and therefore the claim is exhausted. (Doc. 46 at 5-7). Second, Petitioner contends that because his former counsel withheld access to his file,

circumstances existed that prevented him from filing anything meaningful in any court, and thus his claims are not procedurally defaulted under the "cause and prejudice" exception. *Id*. at 8-9. Third, he claims that an evidentiary hearing is necessary in this case for him to prove his innocence. *Id*. at 9-10. For the following reasons, the Court finds Petitioner's first claim, ineffective assistance of trial counsel, unexhausted, and his remaining claims procedurally defaulted. Thus, his petition must be dismissed.

Petitioner's first claim, for ineffective assistance of trial counsel, is unexhausted. *See* 28 U.S.C. § 2254(b) & (c); *Lundy*, 455 U.S. 509. This claim was raised in Petitioner's motion for a new trial and also on direct appeal, but Petitioner did not raise the issue before the Ohio Supreme Court. Petitioner may still pursue a delayed appeal under Ohio S. Ct. Prac. II(2)(A)(4)(a).[1] Despite Petitioner's assertion that he is unable to file "anything meaningful" in any court, the Court is confident Petitioner will be able to exhaust state remedies as evidenced by his ability to file in federal court.

Pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), the Court is required to dismiss this petition as it contains at least one unexhausted claim. *Matlock v. Rose*, 731 F.2d 1236, 1239 (6th Cir. Tenn. 1984); *see also Bowen v. Tennessee*, 698 F.2d 241, 243 (6th Cir. Tenn. 1983); *Duckworth v. Cowell*, 455 U.S. 996 (1982). However, if any of Petitioner's claims are procedurally defaulted, those claims are barred from habeas review. *Coleman*, 501 U.S. at 750.

---

[1] The Court notes, in the event Petitioner makes such a request but is then denied under Ohio Supreme Court Rule II § 2(A)(4)(a), that the Sixth Circuit has held such denial to be an adequate procedural ground to bar federal habeas review. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-432 (6th Cir. Ohio 2006).

Thus, in the interest of judicial economy, the Court will proceed to evaluate the procedural status of Petitioner's remaining claims.

Petitioner's second claim, for ineffective assistance of appellate counsel, was not raised on direct appeal, but was raised in his Rule 26(B) application for reopening. R.App.P 26(B). That application was denied as untimely, and Petitioner subsequently applied to the Ohio Supreme Court for review pursuant to Ohio S. Ct. Prac. II (A)(2). (Doc. 36-1 at 280). The Ohio Supreme Court denied his request for failure to present a substantial constitutional question. Respondent argues Petitioner's second claim is procedurally defaulted because he failed to comply with the requirements of Rule 26(B) at the appellate level. (Doc. 36). The Court agrees.

The *Maupin* test guides the Court's analysis of the adequacy of a state procedural rule. Under the first *Maupin* factor, Petitioner must have failed to comply with an applicable state procedural rule. Here, Petitioner failed to comply with state procedural Rule 26(B), which required him to file his appeal within ninety days after his direct appeal was decided, or else show good cause for the delay. R.App.P 26(B).

The second *Maupin* factor requires that the state court "actually enforce" the procedural rule. This is to say, the state court must "clearly and expressly" state "that its judgment rests on a state procedural bar." *Frazier v. Huffman*, 343 F.3d 780, 791 (6th Cir. Ohio 2003) (quoting *Harris v. Reed*, 489 U.S. 255 (1989) (a state court must "clearly express" reliance on an "independent and adequate state ground")); *see also Coleman*, 501 U.S. at 735; *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. Ky. 2003). By expressly dismissing Petitioner's claims as untimely and without good cause under Rule 26(B), the appellate court relied on the procedural bar to dismiss the claim. R.App.P 26(B); *State v. Dial*, 2007 Ohio App. LEXIS 2567, at **4 (June

1, 2007) ("As a consequence [of Petitioner's] failure to comply with 26(B), he has not met the standard for reopening.").

The third *Maupin* factor requires that the state court relied on an "independent and adequate state ground" to deny review of a federal constitutional claim. The Sixth Circuit has held that under Rule 26(B), an untimely appeal without good cause is an adequate and independent state procedural ground. *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Scuba v. Brigano*, 527 F.3d 479 (6th Cir. 2007), *cert. denied* 129 S.Ct. 269 (2008); *see also Coleman*; 501 U.S. 722 (failure to file a timely appeal in the state's highest court constitutes a procedural default and is an adequate and independent ground for foreclosing review of a federal claim). Thus, Petitioner's failure to comply with Rule26(B) is an independent and adequate state ground for denying review.

The fourth *Maupin* factor allows a petitioner's otherwise procedurally defaulted claim to be excused if he or she can show "cause and prejudice," a "miscarriage of justice," or "actual innocence." *See Murray v. Carrier*, 477 U.S. 478 (U.S. 1986). In the Sixth Circuit:

> [The Court] will consider the cause and prejudice test if the last state court to review petitioner's conviction "clearly and expressly" relied on [his] procedural default in its decision affirming the petitioner's conviction, *Harris v. Reed*, 489 U.S. 255 (1989), or if the last state court to review [petitioner]'s conviction affirmed the conviction on the merits and, alternatively, on procedural grounds. *Id.* at 264.

*Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). Here, the Ohio Supreme Court summarily dismissed Petitioner's claim as not raising a substantial constitutional question, and the Court must assume that the Ohio Supreme Court relied upon the procedural default expressly stated by the Ohio Court of Appeals. *Id*.

12

To show cause, Petitioner alleges that his appellate counsel's disbarment forced him to file *pro se*, which impeded his ability to comply with procedural rules. (Doc. 25 at 9). Filing *pro se* is not "cause," because there is no right to counsel in a 26(B) application to reopen a direct appeal. *Lopez v. Wilson*, 426 F.3d 339, 354 (6th Cir. Ohio 2005) (a 26(B) application to reopen appeal is a post-conviction proceeding); *Coleman*, 501 U.S. at 752 (there is no constitutional right to counsel during a post-conviction proceeding).

Even assuming Petitioner has shown cause, however, he is unable to show prejudice. *See Carrier*, 477 U.S. at 496 (A habeas petitioner must show both cause and prejudice). Here, Petitioner alleges ineffective assistance of appellate counsel, based on counsel's failure to raise additional claims on direct appeal. Even if Petitioner had filed a timely appeal or shown good cause for his delay under Rule 26(B), the Eighth Circuit Court of Appeals noted several alternative grounds on which Petitioner's appeal could have been denied. *State v. Dial*, 2007 Ohio App. LEXIS 2567, (June 1, 2007). First, Petitioner's appeal was deficient under App.R. 26(B)(2)(d) because he failed to provide a proper sworn statement with his application. *Id.* Second, Petitioner's application was barred by *res judicata* because he had not appealed the appellate court's decision to the Supreme Court and, furthermore, because he had already raised the issue on direct appeal. *Id.* Third, Petitioner "merely listed" four potential assignments of error without providing any supporting arguments; thus, he had not met his burden to show his counsel was defective on the merits. *Id.* It is clear that even if Petitioner had shown cause, the appeal would have been denied. Therefore, Petitioner has failed to show "actual prejudice." *Maupin*, 785 F.2d at 138.

Petitioner argues that had the Magistrate Judge not denied him an evidentiary hearing, he would be able to show significant evidence which proves his innocence.[2] (Doc. 46 at 9-10). However, where a petitioner asserts a claim to excuse a procedural default, he must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (U.S. 1995); *House v. Bell*, 547 U.S. 518, 538 (U.S. 2006). Here, Petitioner has simply failed to provide the Court with any evidence to support finding probable innocence. *See also Schlup*, 513 U.S. at 324 (suggesting that the availability of the "actual innocence" exception is extremely limited). Because showing there was a miscarriage of justice requires a finding of probable innocence, Petitioner is unable to excuse his procedural default under the "miscarriage of justice" and "actual innocence" exceptions. *See Schlup*, 513 U.S. at 327; *Carrier*, 477 U.S. at 496; *Jells*, 538 F.3d at 488-489. Thus, Petitioner has failed to satisfy the fourth *Maupin* factor.

Petitioner's remaining claims (that the prosecutor engaged in misconduct, that the trial court erred in admitting the hearsay testimony of Steven Smith, that the trial court erred in admitting the hearsay testimony of Jill Willoughby, and that the trial court failed to conduct a hearing on the issue of juror misconduct) were not raised on direct appeal to any state court. As a result, state remedies are no longer available, and Petitioner's claims are thereby exhausted. *See*

---

[2] As discussed by the R&R and at 28 U.S.C. 2254(e)(2), an evidentiary hearing is not proper unless an applicant can show the claim relies on a new rule of law made retroactive by the Supreme Court, a factual predicate that could not have been previously discovered with due diligence, or that the facts underlying the claim are sufficient to show that but for a constitutional error, no reasonable fact finder would have found petitioner guilty. There is no evidence that Petitioner pursued an evidentiary hearing in state court, and thus may rely only on the above statutory exceptions. *See McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004). Petitioner has not put forth evidence warranting an evidentiary hearing.

14

28 U.S.C. § 2254 (b) & (c); *Lundy*, 455 U.S. 509. Moreover, these claims are procedurally defaulted.

As noted above, the *Maupin* factors are used to evaluate the adequacy of the state procedural rule. However, because Petitioner failed to file any of his remaining claims in any state court, these courts were not given the opportunity to hear his claims. The Sixth Circuit has held that "a federal court will not review [claims] where the state court's omission is due . . . to the petitioner's failure to raise those claims in the state courts while state remedies were available." *Jells*, 538 F.3d at 488; (citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006)). Likewise, the United States Supreme Court has held that where the petitioner fails to raise a claim on direct review, he or she has procedurally defaulted that claim barring any exceptions. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Bousley v. United States*, 523 U.S. 614, 622 (U.S. 1998).

The Court finds Petitioner has not satisfied any of the *Maupin* exceptions. Petitioner cannot show "cause" due to ineffective assistance of trial counsel, because he has not exhausted that claim. *Carrier*, 477 U.S. 478. Moreover, Petitioner has not supplemented the record with new evidence that was not available to him at trial, but has only suggested he could provide more evidence if he was given an evidentiary hearing. For the reasons discussed above, Petitioner has not shown that he is probably innocent for the purpose of the "miscarriage of justice" and "actual innocence" exceptions. Thus, Petitioner's remaining claims are procedurally defaulted and therefore barred from federal review.

Finally, contrary to Petitioner's argument, the Court did not previously hold that his previous counsel deprived him of his constitutional rights. This Court granted Petitioner equitable

tolling of the statute of limitations as a result of the egregious misconduct of his previous attorney. (Doc. 30). In doing so, this Court narrowly held that Petitioner's counsel acted in such a way that precluded Petitioner from filing a meaningful habeas petition *in a timely manner*. *Id*. (emphasis added). This Court did not find that Petitioner was prevented from presenting his claims before the state courts, but held simply that he was entitled to more time to file a petition for a writ of habeas corpus in federal court.

**V. Conclusion**

For the reasons stated above, the Court adopts the Report and Recommendation of the Magistrate Judge. Petitioner's first claim, ineffective assistance of trial counsel, is dismissed without prejudice. His remaining claims are dismissed with prejudice.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and thus does not issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                              s/ *David A. Katz*
                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE